

| | Partners | Founding Partners | Associates | Of Counsel |
|---|---|---|---|---|
| | Daniel Ebenstein | Morton Amster (1927 - 2019) | Benjamin Charkow | Philip H. Gottfried |
| | Neil M. Zipkin | Jesse Rothstein (1934 - 2003) | Suzue Fujimori | |
| | Anthony F. Lo Cicero | | Hajime Sakai, Ph.D. | |
| | Kenneth P. George | Senior Counsel | David P. Goldberg | |
| | Chester Rothstein | Marion P. Metelski | Sandra A. Hudak | |
| | Charles R. Macedo | Alan D. Miller, Ph.D. | Tuvia Rotberg | |
| | Douglas A. Miro | Marc J. Jason | Dexter Chang | |
| | Brian A. Comack | Richard S. Mandaro | Keith J. Barkaus | |
| | Max Vern | Matthieu Hausig | Michael R. Jones | |
| | Holly Pekowsky | Brian Amos, Ph.D. | Christopher Lisiewski | |
| | Benjamin M. Halpern★ | | Albert J. Boardman | |
| | Mark Berkowitz | | | ★ Not admitted in New York |
| | Charles P. LaPolla | | | |

90 Park Avenue
New York NY 10016

Main 212 336 8000
Fax  212 336 8001
Web  www.arelaw.com

August 13, 2020

Mark Berkowitz
Direct 212 336 8063
E-mail mberkowitz@arelaw.com

<u>Via ECF</u>

The Honorable Cheryl L. Pollak, U.S.M.J.
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

> Re: *Energizer Brands, LLC v. My Battery Supplier, LLC*,
> Civil Action No. 1:19-cv-06486-AMD-CLP
> <u>Response to Energizer's August 7, 2020 Supplemental Authority Letter</u>

Dear Judge Pollak:

    We write on behalf of Defendant My Battery Supplier ("MBS") in response to Energizer's August 7 Letter (ECF No. 46, "Letter") submitting "supplemental authority" in support of Energizer's April 15, 2020 Letter Seeking an Order to Compel Discovery (ECF No. 35, "Motion"), which remains pending. MBS briefly responds to Energizer's submission and identifies relevant supplemental authority that requires denial of Energizer's Motion.

    As detailed in MBS's opposition to Energizer's Motion, Energizer initiated this lawsuit seeking to frustrate the lawful resale of Energizer batteries on e-commerce platforms that Energizer seeks to control. (ECF No. 36 ("Opp'n") at 1). And Energizer's Motion is directed entirely to fishing for information that is irrelevant to this case. As evident from its submissions, Energizer is desperate to uncover the identities of MBS's suppliers of Energizer products, including those that supply batteries unrelated to this case, in order to disrupt MBS's ability to acquire and resell genuine Energizer products.[1]

    Energizer's Motion presents two central issues: (1) whether Energizer is entitled to discovery of MBS's supply chain, which MBS maintains as a trade secret (Opp'n at 3–6); and (2) whether Energizer is entitled to discovery as to ***all*** batteries bearing an Energizer trademark,

---

[1] In Footnote 1 of its Letter, Energizer falsely states that "MBS [is] using the lack of a protective order as a shield against meaningfully participating in the discovery process . . . ." In reality, it was Energizer that proposed waiting for the Court to issue an order on its Motion *before* addressing the protective order issue. To date, Energizer has refused to participate in discovery in good faith and has yet to produce even a single document to discovery served in March.

4846-3312-8647v.2

including those against which Energizer has no colorable claim (i.e., products bought and sold in their original packaging) (*id.* at 2–3).

In connection with the first issue, Energizer failed to offer **any** factual support of its arguments at all, let alone evidence that would outweigh the demonstrated harm to MBS that disclosure of its suppliers would cause. (Opp'n at 3–6). Aware of this failing, Energizer now attempts to salvage its Motion under the guise of "supplemental authority." Specifically, Energizer now contends that an order issued on a default motion in an unrelated case somehow "lays to rest . . . discovery into the origins of the very products at issue" in this case. (Letter at 2). The "authority" cited by Energizer does not address disclosure of sensitive supply chain information, nor does it address the facts of this case and the evidence submitted by MBS.

I.   **The Default Judgment Cited by Energizer Is Irrelevant to the Pending Motion**

Energizer cites to a Memorandum Decision and Order on the plaintiff's motion for a default judgment in *Tile, Inc. v. Computron Systems International*, No. 20-cv-2297 (BMC) (E.D.N.Y. Aug. 3, 2020), ECF No. 15 ("*Tile* Order"). The *Tile* Order does not relate to any issue in this case, let alone Energizer's pending discovery Motion. There, the plaintiff alleged that the defendant was selling, *inter alia*, counterfeit and gray market products. (*Tile* Order at 4). The defendant did not respond to the complaint and a default judgment was entered. (*Id*. at 1). "When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Grp. Merch. Servs. v. Ninna*, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009). As a result of the default, the plaintiff's allegations were adopted and relief was imposed. (*Tile* Order at 4–5.)

Here, Energizer does not (and cannot) allege that the products at issue in this case are fakes or that the batteries themselves are in any way different from those sold by Energizer. This case relates to a small subset of the Energizer-brand batteries sold by MBS, i.e., those Energizer batteries that are repackaged by MBS before resale ("Accused Products"). (*See* Opp'n at 2; *see also* ECF No. 29 ¶¶ 28–48).[2]

Energizer's argument that supply chain information is discoverable because the products at issue "are also alleged to be materially different from genuine Energizer batteries specifically because they are ***purchased from an unknown source***" (Letter at 1 (emphasis altered)) is completely circular and contrary to Second Circuit law. *See Technomarine SA v. Jacob Time, Inc.*, No. 12 civ. 0790 (KEF), 2012 U.S. Dist. LEXIS 90261, at *10–12 (S.D.N.Y. June 22, 2012) ("While plaintiff contends that it cannot determine the source of the products, the conditions under which they were transferred from manufacturer to retailer to customer, . . . or whether any alterations have been made . . . , it is well settled that courts should 'not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)); *FUJIFILM N. Am. Corp. v. Abesons Corp.*, No. 1:16-cv-05677-

---

[2] Contrary to its fabricated allegations in this case, Energizer routinely sells "bulk" products to be repackaged by distributors. Some of those sales are at the center of a related dispute between the parties in *Eminah Properties LLC and My Battery Supplier LLC v. Energizer Holdings, Inc. v. Energizer Brands LLC*, No. 1:20-cv-00148-AMD-CLP, ECF No. 22-1 (E.D.N.Y. July 8, 2020) (Energizer offering to sell MBS's principal over 2 million "bulk" batteries).

BMC (E.D.N.Y. July 3, 2017) (suppliers' "identity does not bear on" the trademark infringement claims concerning sales of gray market goods).

Following Energizer's reasoning, which is not supported by the *Tile* Order or any other, the resale of ***any product*** would be precluded without the trademark owner's authorization. *Cf. Bel Canto Design, Ltd. v. MSS Hifi, Inc.*, 837 F. Supp. 2d 208, 223 (S.D.N.Y. 2011) (if "a defendant does no more than stock and resell genuine trademarked goods, the mark holder does not have a right to stop it under the Lanham Act").

In short, the *Tile* Order does not address whether disclosure of MBS's supply chain is warranted and Energizer's belated Letter cannot remedy its complete failure to provide factual support for its Motion.

## II.　A Recent Discovery Order Confirms that Energizer's Motion Should Be Denied

Notably, the ***identical*** arguments advanced here by Energizer were recently rejected in a ***discovery ruling*** issued by Magistrate Judge Cave of the Southern District of New York, in *Coty Inc. v. Cosmopolitan Cosmetics Inc.*, Case No. 1:18-cv-11145-LTS-SLC (E.D.N.Y.) ("*Coty*").

*Coty* concerned the sale of fragrances and, in particular, fragrances from which a particular code stamped on the products had allegedly been removed or obscured (known as "decoded" fragrances). *Coty*, 2020 U.S. Dist. LEXIS 107009, at *2 (June 18, 2020). Like Energizer, the plaintiffs sought discovery with respect to ***all products sold by the defendant bearing the Plaintiffs' trademarks,*** including products purchased and resold in their original packaging (and not decoded or otherwise modified). *Id.* at *4. Like Energizer, the plaintiffs argued that they "are not obliged to accept [defendant's] word that it only sold the number of decoded units it says it did, and are permitted to test the veracity of that representation." (*Compare Coty*, ECF No. 95 at 2, *with* Motion at 2 (Energizer arguing that discovery as to all products is warranted because it "go[es] to the heart of Energizer's claims and MBS's defenses, and Energizer is not required to simply take MBS's word instead of reviewing the documents, products, and information for itself.").

The *Coty* court denied the plaintiffs' motion to compel. Reviewing Second Circuit law, the court explained that, "[b]ecause the focus of Plaintiffs' claims must be on the non-conforming goods [the defendant] allegedly sold . . . ***so too must the scope of discovery be limited to the non-conforming goods*** . . . ." *Coty*, 2020 U.S. Dist. LEXIS 107009, at *6 (emphasis added). "Plaintiffs have ***no colorable claim*** against [defendant] as to fragrances from which the codes have not been removed, because the Non-Decoded Products pose no likelihood of confusion, and accordingly, ***Plaintiffs are not entitled to discovery as to those fragrances***." *Id.* (emphasis added).

Likewise, here, Energizer has no colorable claim against the vast majority of the Energizer Products that MBS buys and sells. (Opp'n at 2–3). Accordingly, Energizer is not entitled to discovery as to those batteries. (*Id.*). The *Coty* Order lays to rest the notion that Energizer may obtain discovery in connection with products for which it has no colorable claim, and MBS's objections to Energizer's overbroad discovery requests should be sustained.

                                        Respectfully submitted,

                                        AMSTER, ROTHSTEIN & EBENSTEIN LLP

                                        *s/ Mark Berkowitz*

                                        Mark Berkowitz

cc: All Counsel of Record (via ECF)