# Exhibit D

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

--------------------------------------------------X

ENERGIZER BRANDS, LLC,

                           Plaintiff,               Civil Action No.  No. 19-CV-6486-AMD-CLP

       v.

MY BATTERY SUPPLIER, LLC,

                          Defendant.

-------------------------------------------------- X

### ENERGIZER BRANDS, LLC'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Energizer Brands, LLC ("Energizer" or "Plaintiff") hereby objects and responds to the First Set of Requests for Admission served by Defendant My Battery Supplier, LLC ("MBS" or "Defendant") (the "Requests") on March 31, 2020.

Energizer responds to the Requests consistent with the obligations set forth in the Federal Rules of Civil Procedure ("Federal Rules") and the Local Rules of the Eastern District of New York ("Local Rules"), notwithstanding any requests in the Requests that purport to impose obligations different therefrom.  In responding to the Requests, Energizer has assigned to each word its everyday meaning and has construed the language of each Request in light of the scope of discovery permitted by the Federal and Local Rules.

Energizer's search for information and documents relevant to issues in this action is continuing.  Energizer's objections and responses to Defendant's Requests are based only upon such information that is available to Energizer at the time of this response.  Further investigation in this action may disclose additional information requested by Defendant that bears on Energizer's

objections.  Energizer reserves the right to modify or supplement any and all of its objections and responses to Defendant's Requests as additional information or documents are obtained or become available or known to Energizer.

## OBJECTIONS TO DEFINITIONS

Energizer objects as follows to the Definitions set forth by Defendant in the Requests:

1.     Energizer objects to the definition of "Energizer Products," which Defendant defines as "any item or product marketed or sold under the Energizer marks."  Energizer offers for sale and sells a variety of products under the Energizer marks, including lighting products and various automotive products.  The only products at issue in this case, however, are Energizer-brand batteries.  There is therefore no justification for defining the scope of "Energizer Products" beyond that.  Moreover, in response to Energizer's discovery requests to Defendant seeking information and documents related to Energizer-brand batteries, Defendant has objected and argues that it should only have to produce discovery related to an even more limited scope of products, specifically only Energizer "OEM" or "bulk-packaged batteries" that have been repackaged.  *See, e.g.*, Defendant's Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Documents.  Defendant's attempt to define "Energizer Products" in a way that far exceeds both the scope of products at issue and the scope of Defendant's own objections is unjustified.  Consistent with the Federal and Local Rules, Energizer will respond herein to the extent of the scope that it believes is reasonable, specifically Energizer-brand batteries.

2.     Energizer objects to the definition of "OEM Batteries" as vague, ambiguous, and inconsistent with Energizer's actual product offerings.  Defendant defines "OEM Batteries" ("OEM" meaning "Original Equipment Manufacturer") as "any battery bearing one or more Energizer Marks and labelled 'Not for Retail Trade' or containing a similar designation."  Not all

batteries sold to Original Equipment Manufacturers by Energizer are marked "Not for Retail Trade" and not all batteries marked "Not for Retail Trade" are sold only to Original Equipment Manufacturers.  The categorizations of batteries that Defendant has contrived are inconsistent with Energizer's business and, as such, it is not clear to Energizer what Defendant is seeking through use of this defined term.  Is Defendant seeking discovery regarding batteries sold by Energizer to Original Equipment Manufacturers?  Or discovery regarding batteries marked "Not for Retail Trade"?  In either case, Energizer does not maintain records categorized by such buckets.  But in any event, as drafted, this definition does not reasonably identify the discovery sought.  Energizer accordingly cannot respond to any Requests turning on this definition.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

Energizer incorporates by reference, as if fully set forth therein, each of the foregoing Objections to Definitions into its objections and responses to each of the individually numbered Requests propounded by Defendant.

Subject to and without waiving the foregoing objections, Energizer responds to the individually numbered Requests as follows:

**Request for Admission No. 1**

Admit that Plaintiff's direct customers have sold OEM Batteries to retail customers.

**Response to Request for Admission No. 1:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "OEM Batteries" and states that it cannot materially respond to this Request given the ambiguity of the definition and that Energizer does not know what is being requested.

Energizer objects to Request No. 1 because it is irrelevant to the claims and defenses in this action.  This action turns on Defendant's purchase of batteries bearing the Energizer marks

from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers. This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 1 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries. The sales of unrelated third parties have no bearing on the claims and defenses presented in this action. This Request is also overbroad because it is not limited in geographic scope. There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States. As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 1 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 2**

Admit that Plaintiff's Authorized Resellers have sold OEM Batteries to retail customers.

**Response to Request for Admission No. 2:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "OEM Batteries" and states that it cannot materially respond to this Request given the ambiguity of the definition and that Energizer does not know what is being requested.

Energizer objects to Request No. 2 because it is irrelevant to the claims and defenses in

this action.  This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers.  This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 2 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries.  The sales of unrelated third parties have no bearing on the claims and defenses presented in this action.   This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope.   There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States.  As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 2 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 3**

Admit that Plaintiff's direct customers have sold bulk-packaged Energizer Products to retail customers.

**Response to Request for Admission No. 3:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's

definition of "Energizer Products."  The remainder of Energizer's response to Request No. 3 is based on a narrowed interpretation of "Energizer Products" as related to Energizer-brand batteries only.

Energizer objects to Request No. 3 because the phrase "bulk-packaged batteries" is vague and undefined and Energizer does not know what Defendant means by it.  Defendant's use of the phrase "bulk-packaged batteries" is especially vague and ambiguous given its misdefinition of "OEM Batteries" as explained above, because it is not clear how (or if) those two suggested categories overlap.  Energizer does not know what distinction Defendant is making between these two terms and accordingly does not know what is being requested here.

Energizer objects to Request No. 3 because it is irrelevant to the claims and defenses in this action.  This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers.  This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 3 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries.  The sales of unrelated third parties have no bearing on the claims and defenses presented in this action.   This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope.   There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States.  As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 3 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 4**

Admit that Plaintiff's Authorized Resellers have sold bulk-packaged Energizer Products to retail customers.

**Response to Request for Admission No. 4:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "Energizer Products." The remainder of Energizer's response to Request No. 4 is based on a narrowed interpretation of "Energizer Products" as related to Energizer-brand batteries only.

Energizer objects to Request No. 4 because the phrase "bulk-packaged batteries" is vague and undefined and Energizer does not know what Defendant means by it. Defendant's use of the phrase "bulk-packaged batteries" is especially vague and ambiguous given its misdefinition of "OEM Batteries" as explained above, because it is not clear how (or if) those two suggested categories overlap. Energizer does not know what distinction Defendant is making between these two terms and accordingly does not know what is being requested here.

Energizer objects to Request No. 4 because it is irrelevant to the claims and defenses in this action. This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks

that are materially different from any genuine Energizer batteries sold to consumers. This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 4 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries. The sales of unrelated third parties have no bearing on the claims and defenses presented in this action. This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope. There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States. As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 4 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 5**

Admit that Plaintiff's direct customers offered for sale OEM Batteries to retail customers.

**Response to Request for Admission No. 5:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "OEM Batteries" and states that it cannot materially respond to this Request given the ambiguity of the definition and that Energizer does not know what is being requested.

Energizer objects to Request No. 5 to the extent that it is duplicative of Request No. 1.

Energizer objects to Request No. 5 because it is irrelevant to the claims and defenses in

8

this action.  This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers.  This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 5 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries.  The sales of unrelated third parties have no bearing on the claims and defenses presented in this action.   This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope.   There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States.  As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 5 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 6**

Admit that Plaintiff's Authorized Resellers offered for sale OEM Batteries to retail customers.

**Response to Request for Admission No. 6:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's

9

definition of "OEM Batteries" and states that it cannot materially respond to this Request given the ambiguity of the definition and that Energizer does not know what is being requested.

Energizer objects to Request No. 6 to the extent that it is duplicative of Request No. 2.

Energizer objects to Request No. 6 because it is irrelevant to the claims and defenses in this action. This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers. This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 6 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries. The sales of unrelated third parties have no bearing on the claims and defenses presented in this action. This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope. There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States. As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 6 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 7**

Admit that Plaintiff's direct customers offered for sale OEM Batteries to retail customers over the Internet.

**Response to Request for Admission No. 7:**

Energizer objects to this Request as entirely duplicative of Request No. 5 and incorporates by reference its objections and response to Request No. 5 as if fully set forth herein.

**Request for Admission No. 8**

Admit that Plaintiff's Authorized Resellers offered for sale OEM Batteries to retail customers over the Internet.

**Response to Request for Admission No. 8:**

Energizer objects to this Request as entirely duplicative of Request No. 6 and incorporates by reference its objections and response to Request No. 6 as if fully set forth herein.

**Request for Admission No. 9**

Admit that Plaintiff sold Energizer batteries in retail packaging without consumer safety information.

**Response to Request for Admission No. 9:**

Energizer denies Request for Admission No. 9.

**Request for Admission No. 10**

Admit that Plaintiff sold Energizer batteries in retail packaging without handling instructions.

**Response to Request for Admission No. 10:**

Energizer denies Request for Admission No. 10.

**Request for Admission No. 11**

Admit that Plaintiff sold Energizer batteries in retail packaging without warranty

information.

**Response to Request for Admission No. 11:**

Energizer denies Request for Admission No. 11.

**Request for Admission No. 12**

Admit that Plaintiff's direct customers have self-packaged Energizer batteries.

**Response to Request for Admission No. 12:**

Energizer objects to Request No. 12 because it is irrelevant to the claims and defenses in this action. This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers. This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 12 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries. The sales of unrelated third parties have no bearing on the claims and defenses presented in this action. This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope. There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States. As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 12 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the

information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 13**

Admit that Plaintiff's Authorized Resellers have self-packaged Energizer batteries.

**Response to Request for Admission No. 13:**

Energizer objects to Request No. 13 because it is irrelevant to the claims and defenses in this action. This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers. This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 13 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries. The sales of unrelated third parties have no bearing on the claims and defenses presented in this action. This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope. There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States. As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 13 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or

deny.

**Request for Admission No. 14**

Admit that Plaintiff's direct customers offered for sale 50 packs of Energizer lithium batteries.

**Response to Request for Admission No. 14:**

Energizer objects to Request No. 14 because it is irrelevant to the claims and defenses in this action. This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers. This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 14 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries. The sales of unrelated third parties have no bearing on the claims and defenses presented in this action. This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope. There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States. As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 14 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or

deny.

**Request for Admission No. 15**

Admit that Plaintiff's Authorized Resellers offered for sale 50 packs of Energizer lithium batteries.

**Response to Request for Admission No. 15:**

Energizer objects to Request No. 15 because it is irrelevant to the claims and defenses in this action.  This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers.  This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 15 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries.  The sales of unrelated third parties have no bearing on the claims and defenses presented in this action.   This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope.  There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States.  As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 15 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or

deny.

**Request for Admission No. 16**

Admit that Plaintiff's direct customers offered for sale 100 packs of Energizer lithium batteries.

**Response to Request for Admission No. 16:**

Energizer objects to Request No. 16 because it is irrelevant to the claims and defenses in this action. This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers. This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 16 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries. The sales of unrelated third parties have no bearing on the claims and defenses presented in this action. This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope. There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States. As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 16 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or

deny.

**Request for Admission No. 17**

Admit that Plaintiff's Authorized Resellers offered for sale 100 packs of Energizer lithium batteries.

**Response to Request for Admission No. 17:**

Energizer objects to Request No. 17 because it is irrelevant to the claims and defenses in this action.  This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers.  This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 17 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries.  The sales of unrelated third parties have no bearing on the claims and defenses presented in this action.   This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope.   There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States.  As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 17 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or

deny.

**Request for Admission No. 18**

Admit that Plaintiff's direct customers self-packaged Energizer batteries in plain cardboard boxes.

**Response to Request for Admission No. 18:**

Energizer objects to Request No. 18 because it is irrelevant to the claims and defenses in this action.  This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers.  This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 18 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries.  The sales of unrelated third parties have no bearing on the claims and defenses presented in this action.   This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope.   There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States.  As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 18 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or

deny.

**Request for Admission No. 19**

Admit that Plaintiff's Authorized Resellers self-packaged Energizer batteries in plain cardboard boxes.

**Response to Request for Admission No. 19:**

Energizer objects to Request No. 19 because it is irrelevant to the claims and defenses in this action.  This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers.  This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 19 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries.  The sales of unrelated third parties have no bearing on the claims and defenses presented in this action.   This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope.   There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States.  As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 19 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or

deny.

**Request for Admission No. 20**

Admit that Plaintiff's direct customers self-packaged Energizer batteries in clear plastic bags.

**Response to Request for Admission No. 20:**

Energizer objects to Request No. 20 because it is irrelevant to the claims and defenses in this action. This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers. This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 20 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries. The sales of unrelated third parties have no bearing on the claims and defenses presented in this action. This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope. There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States. As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 20 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or

deny.

**Request for Admission No. 21**

Admit that Plaintiff's Authorized Resellers self-packaged Energizer batteries in clear plastic bags.

**Response to Request for Admission No. 21:**

Energizer objects to Request No. 21 because it is irrelevant to the claims and defenses in this action. This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers. This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 21 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries. The sales of unrelated third parties have no bearing on the claims and defenses presented in this action. This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope. There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States. As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 21 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or

deny.

**Request for Admission No. 22**

Admit that Plaintiff has sold Energizer batteries in plain white cardboard boxes.

**Response to Request for Admission No. 22:**

Energizer denies Request for Admission No. 22.

**Request for Admission No. 23**

Admit that Plaintiff has sold Energizer batteries, each bearing a "Not for Retail Trade" designation, in plain white boxes.

**Response to Request for Admission No. 23:**

Energizer denies Request for Admission No. 23.

**Request for Admission No. 24**

Admit that Plaintiff distributed batteries in retail packaging that do not contain consumer safety information.

**Response to Request for Admission No. 24:**

Energizer denies Request for Admission No. 24.

**Request for Admission No. 25**

Admit that Plaintiff's direct customers shipped OEM Batteries to retail customers without consumer safety information.

**Response to Request for Admission No. 25:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "OEM Batteries" and states that it cannot materially respond to this Request given the ambiguity of the definition and that Energizer does not know what is being requested.

Energizer objects to Request No. 25 because it is irrelevant to the claims and defenses in this action. This action turns on Defendant's purchase of batteries bearing the Energizer marks

from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers. This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 25 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries. The sales of unrelated third parties have no bearing on the claims and defenses presented in this action. This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope. There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States. As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 25 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 26**

Admit that Plaintiff's Authorized Resellers shipped OEM Batteries to retail customers without consumer safety information.

**Response to Request for Admission No. 26:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "OEM Batteries" and states that it cannot materially respond to this Request given

the ambiguity of the definition and that Energizer does not know what is being requested.

Energizer objects to Request No. 26 because it is irrelevant to the claims and defenses in this action.  This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers.  This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 26 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries.  The sales of unrelated third parties have no bearing on the claims and defenses presented in this action.   This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope.   There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States.  As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 26 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 27**

Admit that Plaintiff distributed batteries in retail packaging that does not contain handling instructions.

**Response to Request for Admission No. 27:**

Energizer denies Request for Admission No. 27.

**Request for Admission No. 28**

Admit that Plaintiff's direct customers shipped OEM Batteries to retail customers without handling instructions.

**Response to Request for Admission No. 28:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "OEM Batteries" and states that it cannot materially respond to this Request given the ambiguity of the definition and that Energizer does not know what is being requested.

Energizer objects to Request No. 28 because it is irrelevant to the claims and defenses in this action. This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers. This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 28 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries. The sales of unrelated third parties have no bearing on the claims and defenses presented in this action. This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope. There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States. As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 28 on the ground that it seeks information regarding

the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 29**

Admit that Plaintiff's Authorized Resellers shipped OEM Batteries to retail customers without handling instructions.

**Response to Request for Admission No. 29:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "OEM Batteries" and states that it cannot materially respond to this Request given the ambiguity of the definition and that Energizer does not know what is being requested.

Energizer objects to Request No. 29 because it is irrelevant to the claims and defenses in this action. This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers. This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 29 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries. The sales of unrelated third parties have no bearing on the claims and defenses presented in this action. This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope. There is no allegation that Defendant sells Energizer-brand batteries

anywhere outside the United States.  As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 29 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 30**

Admit that Plaintiff distributed batteries in retail packaging that does not contain warning copy.

**Response to Request for Admission No. 30:**

Energizer denies Request for Admission No. 30.

**Request for Admission No. 31**

Admit that Plaintiff's direct customers shipped OEM Batteries to retail customers without warning copy.

**Response to Request for Admission No. 31:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "OEM Batteries" and states that it cannot materially respond to this Request given the ambiguity of the definition and that Energizer does not know what is being requested.

Energizer objects to Request No. 31 because it is irrelevant to the claims and defenses in this action.  This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks

that are materially different from any genuine Energizer batteries sold to consumers. This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 31 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries. The sales of unrelated third parties have no bearing on the claims and defenses presented in this action. This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope. There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States. As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 31 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 32**

Admit that Plaintiff's Authorized Resellers shipped OEM Batteries to retail customers without warning copy.

**Response to Request for Admission No. 32:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "OEM Batteries" and states that it cannot materially respond to this Request given the ambiguity of the definition and that Energizer does not know what is being requested.

Energizer objects to Request No. 32 because it is irrelevant to the claims and defenses in

28

this action.  This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers.  This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 32 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries.  The sales of unrelated third parties have no bearing on the claims and defenses presented in this action.   This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope.   There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States.  As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 32 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 33**

Admit that Plaintiff distributed batteries in retail packaging that does not contain warranty copy.

**Response to Request for Admission No. 33:**

Energizer denies Request for Admission No. 33.

29

**Request for Admission No. 34**

Admit that Plaintiff's direct customers shipped OEM Batteries to retail customers without warranty copy.

**Response to Request for Admission No. 34:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "OEM Batteries" and states that it cannot materially respond to this Request given the ambiguity of the definition and that Energizer does not know what is being requested.

Energizer objects to Request No. 34 because it is irrelevant to the claims and defenses in this action. This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers. This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 34 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries. The sales of unrelated third parties have no bearing on the claims and defenses presented in this action. This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope. There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States. As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 34 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 35**

Admit that Plaintiff's Authorized Resellers shipped OEM Batteries to retail customers without warranty copy.

**Response to Request for Admission No. 35:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "OEM Batteries" and states that it cannot materially respond to this Request given the ambiguity of the definition and that Energizer does not know what is being requested.

Energizer objects to Request No. 35 because it is irrelevant to the claims and defenses in this action. This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers. This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 35 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries. The sales of unrelated third parties have no bearing on the claims and defenses presented in this action. This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope. There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States. As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 35 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 36**

Admit that Plaintiff distributed Energizer Industrial batteries in the United States.

**Response to Request for Admission No. 36:**

Energizer objects to Request No. 36 because the phrase "Energizer Industrial batteries" is undefined. Energizer's response to Request No. 36 is based on its reasonable interpretation of the phrase "Energizer Industrial batteries" as referring to those batteries branded ENERGIZER INDUSTRIAL®, which are marked "Not for Retail Trade" and sold in the United States via Energizer's industrial and business channels exclusively.

Energizer also objects to Request No. 36 because it is irrelevant to the claims and defenses in this action. This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers. This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 36 because it is exceedingly overbroad insofar as it is not limited to Energizer battery sales to the Defendant or the source(s) from which Defendant is purchasing batteries bearing the Energizer mark.

Subject to and without waiver of the foregoing objections, Energizer admits Request for Admission No. 36**.**

**Request for Admission No. 37**

Admit that Energizer Industrial batteries were stamped with the designation "Not for Retail Trade."

**Response to Request for Admission No. 37:**

Energizer objects to Request No. 37 because the phrase "Energizer Industrial batteries" is undefined. Energizer's response to Request No. 36 is based on its reasonable interpretation of the phrase "Energizer Industrial batteries" as referring to those batteries branded ENERGIZER INDUSTRIAL®, which are "Not for Retail Trade" and sold in the United States via Energizer's industrial and business channels exclusively.

Energizer also objects to Request No. 37 because it is irrelevant to the claims and defenses in this action. This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers. This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 37 because it is exceedingly overbroad insofar as it is not limited to Energizer battery sales to the Defendant or the source(s) from which Defendant is purchasing batteries bearing the Energizer mark.

Subject to and without waiver of the foregoing objections, Energizer admits Request for Admission No. 37.

**Request for Admission No. 38**

Admit that Energizer Industrial batteries were sold to retail customers.

**Response to Request for Admission No. 38:**

Energizer objects to Request No. 38 because the phrase "Energizer Industrial batteries" is undefined.  Energizer's response to Request No. 38 is based on its reasonable interpretation of the phrase "Energizer Industrial batteries" as referring to those batteries branded ENERGIZER INDUSTRIAL®, which are marked "Not for Retail Trade" and sold in the United States via Energizer's industrial and business channels exclusively.

Energizer also objects to Request No. 38 to the extent that it seeks information regarding "Energizer Industrial batteries [] sold to retail customers," without regard to who sold the same. Energizer's response to Request No. 38 is based on its reasonable interpretation of this Request as referring only to those "Energizer Industrial batteries" sold by Energizer to retail customers outside the industrial and business channels.

Energizer objects to Request No. 38 because it is irrelevant to the claims and defenses in this action.  This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers.  This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 38 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries.  The sales of unrelated third parties have no bearing on the claims and defenses presented in this action.   This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope.   There is no allegation that Defendant sells Energizer-brand batteries

anywhere outside the United States.  As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 38 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, and reasonably interpreting this Request as asking if Energizer itself sold "Industrial batteries" to retail customers outside of the industrial and business channels, Energizer denies Request for Admission No. 38.

**Request for Admission No. 39**

Admit that Energizer's direct customers have sold Energizer Industrial batteries to retail customers.

**Response to Request for Admission No. 39:**

Energizer objects to Request No. 39 because the phrase "Energizer Industrial batteries" is undefined.  Energizer's response to Request No. 39 is based on its reasonable interpretation of the phrase "Energizer Industrial batteries" as referring to those batteries branded ENERGIZER INDUSTRIAL®, which are marked "Not for Retail Trade" and sold in the United States via Energizer's industrial and business channels exclusively.

Energizer objects to Request No. 39 because it is irrelevant to the claims and defenses in this action.  This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers.  This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 39 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries.  The sales of unrelated third parties have no bearing on the claims and defenses presented in this action.   This Request is also overboard because it is overbroad insofar as it is not limited in geographic scope.   There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States.  As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 39 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 40**

Admit that Amazon sold Energizer Industrial batteries to retail customers.

**Response to Request for Admission No. 40:**

Energizer objects to Request No. 40 because the phrase "Energizer Industrial batteries" is undefined.  Energizer's response to Request No. 40 is based on its reasonable interpretation of the phrase "Energizer Industrial batteries" as referring to those batteries branded ENERGIZER INDUSTRIAL®, which are marked "Not for Retail Trade" and sold in the United States via Energizer's industrial and business channels exclusively.

Energizer objects to Request No. 40 because it is irrelevant to the claims and defenses in this action.  This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those

batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers. This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 40 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries. The sales of unrelated third parties have no bearing on the claims and defenses presented in this action. This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope. There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States. As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 40 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 41**

Admit that Plaintiff supplied Amazon with Energizer Industrial batteries for resale to retail customers.

**Response to Request for Admission No. 41:**

Energizer objects to Request No. 41 because the phrase "Energizer Industrial batteries" is undefined. Energizer's response to Request No. 41 is based on its reasonable interpretation of the phrase "Energizer Industrial batteries" as referring to those batteries branded ENERGIZER

INDUSTRIAL®, which are marked "Not for Retail Trade" and sold in the United States via Energizer's industrial and business channels exclusively.

Energizer objects to Request No. 41 because it is irrelevant to the claims and defenses in this action.  This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers.  This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 41 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries.  The sales of unrelated third parties have no bearing on the claims and defenses presented in this action.   This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope.   There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States.  As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 41 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer denies Request for Admission No. 41.

**Request for Admission No. 42**

Admit that Battery Products is a direct Energizer customer.

**Response to Request for Admission No. 42:**

Energizer objects to Request No. 42 because it is irrelevant to the claims and defenses in this action.  This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers.  The purchase and sale of batteries by an entity other than Defendant is not pertinent to any claim or defense in this case.  This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Subject to and without waiver of the foregoing objections, Energizer admits Request for Admission No. 42.

**Request for Admission No. 43**

Admit that Battery Products is an Energizer Authorized Reseller.

**Response to Request for Admission No. 43:**

Energizer objects to Request No. 43 because it is irrelevant to the claims and defenses in this action.  This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers.  The purchase and sale of batteries by an entity other than Defendant is not pertinent to any claim or defense in this case.  This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Subject to and without waiver of the foregoing objections, Energizer denies Request for Admission No. 43.

**Request for Admission No. 44**

39

Admit that Battery Products sold OEM Batteries to retail customers.

**Response to Request for Admission No. 44:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "OEM Batteries" and states that it cannot materially respond to this Request given the ambiguity of the definition and that Energizer does not know what is being requested.

Energizer objects to Request No. 44 because it is irrelevant to the claims and defenses in this action. This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers. This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 44 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries. The sales of unrelated third parties have no bearing on the claims and defenses presented in this action. This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope. There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States. As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 44 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or

deny.

**Request for Admission No. 45**

Admit that Battery Products sold bulk-packaged Energizer Products to retail customers.

**Response to Request for Admission No. 45:**

Energizer objects to Request No. 45 because the phrase "bulk-packaged batteries" is vague and undefined and Energizer does not know what Defendant means by it. Defendant's use of the phrase "bulk-packaged batteries" is especially vague and ambiguous given its misdefinition of "OEM Batteries" as explained above, because it is not clear how (or if) those two suggested categories overlap. Energizer does not know what distinction Defendant is making between these two terms and accordingly does not know what is being requested here.

Energizer objects to Request No. 45 because it is irrelevant to the claims and defenses in this action. This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers. This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 45 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries. The sales of unrelated third parties have no bearing on the claims and defenses presented in this action. This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope. There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States. As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 45 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 46**

Admit that Battery Products sold Energizer Industrial batteries to retail customers.

**Response to Request for Admission No. 46:**

Energizer objects to Request No. 46 because the phrase "Energizer Industrial batteries" is undefined.  Energizer's response to Request No. 46 is based on its reasonable interpretation of the phrase "Energizer Industrial batteries" as referring to those batteries branded ENERGIZER INDUSTRIAL®, which are marked "Not for Retail Trade" and sold in the United States via Energizer's industrial and business channels exclusively.

Energizer objects to Request No. 46 because it is irrelevant to the claims and defenses in this action.  This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers.  This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 46 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries.  The sales of unrelated third parties have no bearing on the claims and defenses presented

in this action.   This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope.   There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States.  As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 46 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 47**

Admit that Battery Products repackaged Energizer Products in order to create product offerings that were not sold by Plaintiff.

**Response to Request for Admission No. 47:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "Energizer Products."  The remainder of Energizer's response to Request No. 47 is based on a narrowed interpretation of "Energizer Products" as related to Energizer-brand batteries only.

Energizer objects to Request No. 47 because it is irrelevant to the claims and defenses in this action.  This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers.  This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus

irrelevant.

Energizer further objects to Request No. 47 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries.  The sales of unrelated third parties have no bearing on the claims and defenses presented in this action.   This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope.   There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States.  As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 47 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 48**

Admit that the Energizer Products sold by Battery Products did not contain any consumer safety information.

**Response to Request for Admission No. 48:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "Energizer Products."  The remainder of Energizer's response to Request No. 48 is based on a narrowed interpretation of "Energizer Products" as related to Energizer-brand batteries only.

Energizer objects to Request No. 48 because it is irrelevant to the claims and defenses in this action.  This action turns on Defendant's purchase of batteries bearing the Energizer marks

from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers.  This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 48 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries.  The sales of unrelated third parties have no bearing on the claims and defenses presented in this action.   This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope.   There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States.  As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 48 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

## Request for Admission No. 49

Admit that the Energizer Products sold by Battery Products did not contain battery handling instructions.

## Response to Request for Admission No. 49:

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "Energizer Products."  The remainder of Energizer's response to Request No. 49 is

based on a narrowed interpretation of "Energizer Products" as related to Energizer- brand batteries only.

Energizer objects to Request No. 49 because it is irrelevant to the claims and defenses in this action.  This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers.  This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 49 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries.  The sales of unrelated third parties have no bearing on the claims and defenses presented in this action.   This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope.   There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States.  As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 49 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 50**

Admit that the Energizer Products sold by Battery Products did not contain warning or

warranty copy.

**<u>Response to Request for Admission No. 50:</u>**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "Energizer Products."  The remainder of Energizer's response to Request No. 50 is based on a narrowed interpretation of "Energizer Products" as related to Energizer- brand batteries only.

Energizer objects to Request No. 50 because it is irrelevant to the claims and defenses in this action.  This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers.  This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 50 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries.  The sales of unrelated third parties have no bearing on the claims and defenses presented in this action.   This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope.   There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States.  As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 50 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the

information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 51**

Admit that Digi-Key is a direct Energizer customer.

**Response to Request for Admission No. 51:**

Energizer objects to Request No. 51 because it is irrelevant to the claims and defenses in this action. This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers. The purchase and sale of batteries by an entity other than Defendant is not pertinent to any claim or defense in this case. This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Subject to and without waiver of the foregoing objections, Energizer admits Request for Admission No. 51.

**Request for Admission No. 52**

Admit that Digi-Key is an Energizer Authorized Reseller.

**Response to Request for Admission No. 52:**

Energizer objects to Request No. 52 because it is irrelevant to the claims and defenses in this action. This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers. The purchase and sale of batteries by an entity other than Defendant is not pertinent to any claim or defense in

this case.  This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Subject to and without waiver of the foregoing objections, Energizer denies Request for Admission No. 52.

**Request for Admission No. 53**

Admit that Digi-Key sold OEM Batteries to retail customers.

**Response to Request for Admission No. 53:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "OEM Batteries" and states that it cannot materially respond to this Request given the ambiguity of the definition and that Energizer does not know what is being requested.

Energizer objects to Request No. 53 because it is irrelevant to the claims and defenses in this action.  This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers.  This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 53 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries.  The sales of unrelated third parties have no bearing on the claims and defenses presented in this action.   This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope.   There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States.  As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 53 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 54**

Admit that Digi-Key sold bulk-packaged Energizer Products to retail customers.

**Response to Request for Admission No. 54:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "Energizer Products." The remainder of Energizer's response to Request No. 54 is based on a narrowed interpretation of "Energizer Products" as related to Energizer- brand batteries only.

Energizer objects to Request No. 54 because the phrase "bulk-packaged batteries" is vague and undefined and Energizer does not know what Defendant means by it. Defendant's use of the phrase "bulk-packaged batteries" is especially vague and ambiguous given its misdefinition of "OEM Batteries" as explained above, because it is not clear how (or if) those two suggested categories overlap. Energizer does not know what distinction Defendant is making between these two terms and accordingly does not know what is being requested here.

Energizer objects to Request No. 54 because it is irrelevant to the claims and defenses in this action. This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers. This Request

has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 54 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries. The sales of unrelated third parties have no bearing on the claims and defenses presented in this action. This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope. There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States. As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 54 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 55**

Admit that Digi-Key sold Energizer Industrial batteries to retail customers.

**Response to Request for Admission No. 55:**

Energizer objects to Request No. 55 because the phrase "Energizer Industrial batteries" is undefined. Energizer's response to Request No. 55 is based on its reasonable interpretation of the phrase "Energizer Industrial batteries" as referring to those batteries branded ENERGIZER INDUSTRIAL®, which are marked "Not for Retail Trade" and sold in the United States via Energizer's industrial and business channels exclusively.

Energizer objects to Request No. 55 because it is irrelevant to the claims and defenses in

51

this action.  This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers.  This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 55 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries.  The sales of unrelated third parties have no bearing on the claims and defenses presented in this action.   This Request is also overbroad because it is overbroad insofar as it is not limited in geographic scope.   There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States.  As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 55 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 56**

Admit that Digi-Key repackaged Energizer Products in order to create product offerings that are not sold by Plaintiff.

**Response to Request for Admission No. 56:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's

definition of "Energizer Products." The remainder of Energizer's response to Request No. 56 is based on a narrowed interpretation of "Energizer Products" as related to Energizer- brand batteries only.

Energizer objects to Request No. 56 because it is irrelevant to the claims and defenses in this action. This action turns on Defendant's purchase of batteries bearing the Energizer marks from an unknown source and in an unknown state, Defendant's material alterations of those batteries following receipt, and Defendant's online resale of batteries bearing the Energizer marks that are materially different from any genuine Energizer batteries sold to consumers. This Request has no connection to Defendant or its purchases or sales of Energizer batteries, and is thus irrelevant.

Energizer further objects to Request No. 56 because it is overly broad in its request for information related to sales by third parties other than Defendant or its sources for Energizer batteries. The sales of unrelated third parties have no bearing on the claims and defenses presented in this action. This Request is also overboard because it is overbroad insofar as it is not limited in geographic scope. There is no allegation that Defendant sells Energizer-brand batteries anywhere outside the United States. As such, Defendant has no basis for failing to set a geographic limit for this Request.

Energizer also objects to Request No. 56 on the ground that it seeks information regarding the activities of third parties, which information is not within Energizer's possession, custody, and control.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 57**

Admit that Defendant began selling Energizer Products on Amazon prior to November 15, 2013.

**Response to Request for Admission No. 57:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "Energizer Products." The remainder of Energizer's response to Request No. 57 is based on a narrowed interpretation of "Energizer Products" as related to Energizer-brand batteries only.

Energizer further objects to Request No. 57 on the ground that the information requested relates to Defendant's own conduct and is not within Energizer's possession, custody, and control. The information *is* within Defendant's possession, custody, and/or control, however.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 58**

Admit that Plaintiff was aware of Defendant's sales of Energizer Products on Amazon prior to November 15, 2013.

**Response to Request for Admission No. 58:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "Energizer Products." The remainder of Energizer's response to Request No. 58 is based on a narrowed interpretation of "Energizer Products" as related to Energizer-brand batteries only.

Energizer objects to Request No. 58 as overly broad and unduly burdensome because it seeks information dating back more than seven (7) years and purports to require Energizer to

inquire into the knowledge of every current and former employee for that extensive time period. Energizer currently has more than 6,500 employees.  There is no way for Energizer to know when and whether any one of those thousands of employees around the world, or any of its former employees, might have known that Defendant was selling Energizer batteries on Amazon.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 59**

Admit that Defendant began selling Energizer Products on eBay prior to November 15, 2013.

**Response to Request for Admission No. 59:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "Energizer Products."  The remainder of Energizer's response to Request No. 59 is based on a narrowed interpretation of "Energizer Products" as related to Energizer- brand batteries only.

Energizer further objects to Request No. 59 on the basis that the information requested relates to Defendant's own conduct and is accordingly not within Energizer's possession, custody, and control.  This information *is* within Defendant's possession, custody, and/or control, however.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 60**

Admit that Plaintiff was aware of Defendant's sales of Energizer Products on eBay prior to November 15, 2013.

**Response to Request for Admission No. 60:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "Energizer Products."  The remainder of Energizer's response to Request No. 60 is based on a narrowed interpretation of "Energizer Products" as related to Energizer- brand batteries only.

Energizer objects to Request No. 60 as overly broad and unduly burdensome because it seeks information dating back more than seven (7) years, and purports to require Energizer to inquire into the knowledge of every current and former employee for that extensive time period. Energizer currently has more than 6,500 employees.  There is no way for Energizer to know when and whether any one of those thousands of employees around the world, or any of its former employees, might have known that Defendant was selling Energizer batteries on eBay.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 61**

Admit that, in 2019, Plaintiff offered to sell bulk-packaged Energizer Products to Defendant.

**Response to Request for Admission No. 61:**

Energizer objects to Request No. 61 because the phrase "bulk-packaged batteries" is vague and undefined and Energizer does not know what Defendant means by it.  Defendant's use of the phrase "bulk-packaged batteries" is especially vague and ambiguous given its misdefinition of "OEM Batteries" as explained above, because it is not clear how (or if) those two suggested categories overlap.  Energizer does not know what distinction Defendant is making between these two terms and accordingly does not know what is being requested here.

Subject to and without waiver of the foregoing objections, Energizer denies Request for Admission No. 61.

**Request for Admission No. 62**

Admit that, in 2019, Plaintiff sold bulk-packaged Energizer Products to Defendant.

**Response to Request for Admission No. 62:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "Energizer Products."  The remainder of Energizer's response to Request No. 62 is based on a narrowed interpretation of "Energizer Products" as related to Energizer-brand batteries only.

Energizer objects to Request No. 62 because the phrase "bulk-packaged batteries" is vague and undefined and Energizer does not know what Defendant means by it.  Defendant's use of the phrase "bulk-packaged batteries" is especially vague and ambiguous given its misdefinition of "OEM Batteries" as explained above, because it is not clear how (or if) those two suggested categories overlap.  Energizer does not know what distinction Defendant is making between these two terms and accordingly does not know what is being requested here.

Subject to and without waiver of the foregoing objections, Energizer denies Request for Admission No. 62.

**Request for Admission No. 63**

Admit that, prior to 2019, Plaintiff was aware that Defendant was offering Energizer Products for sale on Amazon.

**Response to Request for Admission No. 63:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "Energizer Products."  The remainder of Energizer's response to Request No. 63 is based on a narrowed interpretation of "Energizer Products" as related to Energizer-brand batteries

only.

Energizer objects to Request No. 63 as overly broad and unduly burdensome because it seeks information dating back more than seven (7) years and purports to require Energizer to inquire into the knowledge of every current and former employee for that extensive time period. Energizer currently has more than 6,500 employees.  There is no way for Energizer to know when and whether any one of those thousands of employees around the world, or any of its former employees, might have known that Defendant was selling Energizer batteries on Amazon.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

**Request for Admission No. 64**

Admit that, prior to 2019, Plaintiff was aware that Defendant was offering Energizer Products for sale on eBay.

**Response to Request for Admission No. 64:**

Energizer incorporates by reference, as if fully set forth herein, its objection to Defendant's definition of "Energizer Products."  The remainder of Energizer's response to Request No. 64 is based on a narrowed interpretation of "Energizer Products" as related to Energizer- brand batteries only.

Energizer objects to Request No. 64 as overly broad and unduly burdensome because it seeks information dating back more than seven (7) years and purports to require Energizer to inquire into the knowledge of every current and former employee for that extensive time period. Energizer currently has more than 6,500 employees.  There is no way for Energizer to know when and whether any one of those thousands of employees around the world, or any of its former employees, might have known that Defendant was selling Energizer batteries on eBay.

Subject to and without waiver of the foregoing objections, Energizer states that the information available to it based upon a reasonable inquiry is insufficient to enable it to admit or deny.

Dated: May 22, 2020                    By:    */s/  Emily E. Gianetta*
                                                         Christopher S. Finnerty (*pro hac vice*)
                                                         chris.finnerty@klgates.com
                                                         Jennifer J. Nagle (*pro hac vice*)
                                                         jennifer.nagle@klgates.com
                                                         Emily E. Gianetta (*pro hac vice*)
                                                         emily.gianetta@klgates.com
                                                         K&L GATES LLP
                                                         State Street Financial Center
                                                         1 Lincoln Street
                                                         Boston, MA 02111
                                                         T: (617) 261-3100
                                                         F: (617) 261-3175

                                                         Priya Chadha
                                                         priya.chadha@klgates.com
                                                         K&L Gates LLP
                                                         599 Lexington Avenue
                                                         New York, New York 10022
                                                         Tel.: (212) 536-3905
                                                         Fax: (212) 536-3901

                                                         *Attorneys for Plaintiff Energizer Brands, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 22, 2020, I served a true and correct copy of the foregoing

document upon counsel of record for Defendant by electronic mail, as agreed by the Parties.


By:   <u>*/s/ Emily E. Gianetta*</u>
          Emily E. Gianetta