# Exhibit E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENERGIZER BRANDS, LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>MY BATTERY SUPPLIER, LLC,<br><br>　　　　　　　　　Defendant. | No. 1:19-cv-06486-AMD-CLP |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S SECOND SET OF INTERROGATORIES**

　　　　Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant My Battery Supplier, LLC, by the undersigned counsel, hereby objects and responds to the Second Set of Interrogatories (Nos. 6–11) served by Plaintiff Energizer Brands, LLC ("Plaintiff" or "Energizer") as follows:

**GENERAL OBJECTIONS**

　　　　The General and Specific Objections set forth in Defendant's: (1) March 2, 2020 Objections to Plaintiff's First Set of Interrogatories; and (2) April 14, 2020 Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production of Document and Inspection of Premises, are all incorporated by reference as if fully set forth herein.

　　　　1.　　Defendant objects to Plaintiff's definitions of "You," "Your," "MBS," and "Defendant" as confusing and inconsistent with Plaintiff's prior definition of these terms. (*See* Plaintiff's First Set of Interrogatories, dated January 31, 2020, Definition No. 4 ("'You,' 'Your,' 'MBS' or 'Defendant' means My Battery Supplier, LLC and any related entities, including any corporate affiliates, agents, representatives, departments, or divisions, whether in the past or

1

present, and all present and former directors, officers, representatives, employees, attorneys, agents and any other persons or entities acting on its behalf or under its control.")).

2. Defendant objects to Plaintiff's definition of "Energizer Batteries" as confusing and inconsistent with Plaintiff's prior definition of "Energizer Products." (*See* Plaintiff's First Set of Interrogatories, dated January 31, 2020, Definition No. 5 ("'Energizer Products' means any product manufactured by or at the direction of any Energizer affiliate including Energizer Brands, LLC, including but not limited to those that bear an Energizer trademark(s).")).

3. Defendant objects to Plaintiff's definition of "Energizer" to the extent that it excludes Plaintiff's affiliates, including Energizer Holdings, Inc.

Subject to and without waiving the above referenced General and Specific Objections, and incorporating each of them by reference into each response below, Defendant hereby responds to Plaintiff's individual interrogatories as follows:

<u>**RESPONSES TO INTERROGATORIES**</u>

**<u>INTERROGATORY NO. 6.</u>** Identify any purchase that MBS has made of Energizer Batteries directly from Energizer since January 1, 2009, including the date of each sale and the specific Energizer Batteries (by SKU or other unique descriptor) purchased by MBS on each occasion. If no such purchases have been made by MBS, Your response to this Interrogatory should so state. For the avoidance of doubt, this Interrogatory seeks information regarding purchases by MBS only, and not by any MBS affiliate or by MBS's principals or employees on behalf of any entity other than MBS. For the further avoidance of doubt, this Interrogatory seeks information regarding purchases of Energizer Batteries only, not batteries under the Rayovac brand, or any other brands.

**<u>RESPONSE TO INTERROGATORY NO. 6</u>**

Defendant objects to this Interrogatory as being vague and confusing, particularly with respect to the terms "MBS" and "Energizer Batteries." As noted in the General Objections above, Plaintiff has used multiple, and inconsistent, definitions of these terms in this Action. Defendant objects to this Interrogatory as overbroad and unduly burdensome because it seeks information from "January 1, 2009" through the present. Defendant objects to this Interrogatory

2

4840-6681-9766v.1

**INTERROGATORY NO. 8.** Identify each and every communication between MBS and Energizer since January 1, 2009 regarding MBS's purchase or potential purchase of Energizer Batteries directly from Energizer. For each communication, include the date of the communication, the MBS and Energizer employees or agents involved in the communication, whether the communication as verbal or in writing, and the specific Energizer Battery product(s) (by SKU or other unique descriptor) discussed. If no such communications have taken place, Your response to this Interrogatory should so state. For the avoidance of doubt, this Interrogatory seeks information regarding communications concerning only: (i) purchases by MBS, and not by any MBS affiliate or by MBS's principals or employees on behalf of any entity other than MBS; and (ii) purchases of Energizer Batteries, not batteries or products under other marks, such as Rayovac.

**RESPONSE TO INTERROGATORY NO. 8**

Defendant objects to this Interrogatory as being vague and confusing, particularly with respect to the term "MBS" and "Energizer Batteries." As noted in the General Objections above, Plaintiff has used multiple, and inconsistent, definitions of these terms in this Action. Defendant objects to this Interrogatory as overbroad and unduly burdensome because it seeks "each [and] every communication since January 1, 2009" and the present. Defendant objects to this Interrogatory as premature, to the extent that it requires Defendant to conduct a search for e-mails prior to the time set forth in the Parties' agreed ESI protocol. Defendant objects to this Interrogatory as unduly burdensome to the extent that it seeks information already within Plaintiff's possession, custody or control.

Defendant further objects to Plaintiff's specific instructions (beginning with the phrase "[f]or avoidance of doubt") because they render this Interrogatory indefinite, particularly, to the extent that they suggest that MBS's principals and employees do not act on behalf of MBS or that Rayovac is not an Energizer brand. Subject to and without waiving the foregoing Specific Objections and its General Objections, Defendant responds as follows:

- In July 2015, Defendant engaged in discussions with Energizer employee Nick Curran regarding the distribution of Energizer Products.

5

- In October 2016, Defendant again exchanged correspondence and engaged in telephone conference calls with Mr. Curran regarding purchasing Energizer Products.

- In April 2017, Defendant was contacted by a representative of Market Track, LLC ("MarketTrack"), who indicated that Market Track had been retained by Energizer to study, *inter alia*, which Amazon sellers were selling Energizer products below Energizer's minimum advertised price ("MAP"). Upon request from Defendant for additional information, Defendant received a call and e-mail from Roger Fong, who indicated that Plaintiff was researching online sellers for purposes of identifying Plaintiff's current direct customers, as well as identifying potential new direct customers.

- In July 2017, Defendant exchanged correspondence with Carter Peterson, Energizer's Senior Account Manager regarding purchasing Energizer Products from Energizer.

- In early 2019, the Parties engaged in extensive discussions, and reached agreement, regarding the distribution of Energizer Products.

Defendant further responds that, pursuant to Fed. R. Civ. P. 33(d), and upon entry of a protective order by the Court, Defendant will produce documents from which additional information responsive to this Interrogatory can be ascertained in accordance with the agreed ESI protocol.

**INTERROGATORY NO. 9.** If not identified in response to Interrogatory No. 8, identify and each every communication since January 1, 2009 between MBS and Roger Fong, who counsel for MBS has identified as someone at Energizer that MBS has communicated with regarding matters relevant to this Action.

**RESPONSE TO INTERROGATORY NO. 9**

Defendant objects to this Interrogatory as being vague and confusing, particularly with respect to the terms "MBS" and "Energizer." As noted in the General Objections above, Plaintiff has used multiple, and inconsistent, definitions of these terms in this Action. Defendant objects to this Interrogatory as overbroad and unduly burdensome because it seeks "each [and] every communication since January 1, 2009" and the present. Defendant objects to this Interrogatory as premature, to the extent that it requires Defendant to conduct a search for e-

6

Dated: July 20, 2020              By: *s/ Mark Berkowitz*
                                                  Anthony F. Lo Cicero
                                                  Mark Berkowitz
                                                  Sandra A. Hudak
                                                  AMSTER, ROTHSTEIN & EBENSTEIN LLP
                                                  90 Park Avenue
                                                  New York, New York 10016
                                                  Phone: (212) 336-8000
                                                  Fax:    (212) 336-8001
                                                  Email: alocicero@arelaw.com
                                                                  mberkowitz@arelaw.com
                                                                  shudak@arelaw.com

                                                  *Attorneys for Defendant My Battery Supplier, LLC*

10

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2020, a copy of the foregoing document entitled **DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES** was served via e-mail on the following counsel for Plaintiff in this matter:

> Christopher S. Finnerty (chris.finnerty@klgates.com)
> Jennifer J. Nagle (jennifer.nagle@klgates.com)
> Emily E. Gianetta (emily.gianetta@klgates.com)
> Priya Chadha (priya.chadha@klgates.com)
> Jeffrey S. Patterson (jeffrey.patterson@klgates.com)

By: *s/ Mark Berkowitz*
     Mark Berkowitz