# Exhibit F

```
 1              UNITED STATES DISTRICT COURT              03:50:23PM

 2            FOR THE EASTERN DISTRICT OF NEW YORK

 3

 4                  CASE NO: 1:19-CV-6486

 5   ENERGIZER BRANDS, LLC,

 6          Plaintiff,

 7      vs

 8   MY BATTERY SUPPLIER, LLC,

 9          Defendant.

10

11   ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

12

13                  TELEPHONIC CONFERENCE

14                    IN THE MATTER OF

15                  ENERGIZER BRANDS, LLC

16                          vs

17                 MY BATTERY SUPPLIER, LLC

18

19                      May 21, 2020

20                        4:01 p.m.

21

22

23

24   Deborah J. Bateman, Court Reporter
```



```
 1                  APPEARANCES OF COUNSEL
 2
     On Behalf of the Plaintiff:
 3
             JENNIFER JANEIRA NAGLE, ESQ.
 4           CHRISTOPHER S. FINNERTY, ESQ.
             EMILY E. GIANETTA, ESQ.
 5           K&L GATES
             State Street Financial Center
 6           One Lincoln Street
             Boston, Massachusetts 02111
 7           617.951.9197
             jennifer.nagle@klgates.com
 8           chris.finnerty@klgates.com
             emily.gianetta@klgates.com
 9
10   On Behalf of the Defendant:

11           SANDRA A. HUDAK, ESQ.
             MARK BERKOWITZ, ESQ.
12           AMSTER ROTHSTEIN & EBENSTEIN LLP
             90 Park Avenue
13           New York, New York 10016
             212.336.8063
14           shudak@arelaw.com
             mberkowitz@arelaw.com
15
16
17
18
19
20
21
22
23
24
```



| | | |
|---|---|---|
| 1 | TELEPHONIC CONFERENCE BETWEEN PARTIES | |
| 2 | May 21, 2020 | 03:59:50PM |
| 3 | | 03:59:50PM |
| 4 | MS. HUDAK:  This is Sandra Hudak for My | 04:01:29PM |
| 5 | Battery Supplier, MBS.  We asked for this conference | 04:01:34PM |
| 6 | today to go through Energizer's objections and responses | 04:01:34PM |
| 7 | to the document requests and interrogatories.  Energizer | 04:01:39PM |
| 8 | has seemed to object to almost all of our requests -- | 04:01:48PM |
| 9 | (audio interference) -- | |
| 10 | (Court reporter clarification) | |
| 11 | MS. HUDAK:  Energizer has seemed to | |
| 12 | object to almost all of our requests and has stated that | |
| 13 | it won't produce any documents or interrogatories | 04:02:32PM |
| 14 | responsive to our requests -- almost all of the requests, | 04:02:32PM |
| 15 | so we wanted to have this call to see if we could | 04:02:38PM |
| 16 | understand Energizer's issues a little bit better and | 04:02:41PM |
| 17 | see if we can come to any compromise, or if we will | 04:02:44PM |
| 18 | just need to move to compel responses on all of our | 04:02:48PM |
| 19 | requests. | 04:02:52PM |
| 20 | So to start from the beginning, it seems like | 04:02:53PM |
| 21 | Energizer has a fundamental objection to the definition | 04:02:58PM |
| 22 | of "Energizer products" in both the document requests and | 04:03:02PM |
| 23 | the interrogatories. | 04:03:08PM |
| 24 | Can you please explain your position on that? | 04:03:12PM |



| | | |
|---|---|---|
| 1 | something that you have that suggests that Energizer's | 04:36:27PM |
| 2 | profits and revenues have absolutely any relevance to an | 04:36:32PM |
| 3 | issue in this case, please feel free to follow up.  But | 04:36:34PM |
| 4 | we don't see it, and we don't think it's there. | 04:36:37PM |
| 5 |       MR. BERKOWITZ:  So there is case law on this. | 04:36:42PM |
| 6 | Energizer's profits on these products are relevant to the | 04:36:45PM |
| 7 | damages analysis.  Even if Energizer is just seeking | 04:36:48PM |
| 8 | disgorgement or statutory damages, it's something that | 04:36:52PM |
| 9 | the Court will take into account in determining a damages | 04:36:55PM |
| 10 | amount, so that's where it comes from. | 04:36:58PM |
| 11 |       MS. NAGLE:  Right.  Well, if you can -- | 04:37:01PM |
| 12 |       MR. FINNERTY:  Can you send us that case law, | 04:37:02PM |
| 13 | Mark? | 04:37:06PM |
| 14 |       MS. NAGLE:  Yes, please. | 04:37:06PM |
| 15 |       MR. BERKOWITZ:  Sure. | 04:37:07PM |
| 16 |       MS. HUDAK:  Okay.  So let's move on to the | 04:37:16PM |
| 17 | next request.  Request No. 11 seeks all documents | 04:37:18PM |
| 18 | concerning plaintiff's attempts to purchase or purchases | 04:37:23PM |
| 19 | of Energizer products from defendant.  Our understanding | 04:37:27PM |
| 20 | is that Energizer's refusing to provide any documents or | 04:37:34PM |
| 21 | information relating to this and similar requests except | 04:37:41PM |
| 22 | for information, quote, specific to the (inaudible) | 04:37:45PM |
| 23 | underlying this lawsuit.  And one of the reasons put in | 04:37:52PM |
| 24 | the objection was that Energizer has thousands of | 04:37:56PM |



| | | |
|---|---|---|
| 1 | employees, and it can't ask each one. | 04:37:59PM |
| 2 | So I guess our primary -- or one of the first | 04:38:03PM |
| 3 | questions on this is has Energizer asked its relevant | 04:38:07PM |
| 4 | employees about their knowledge of MBS such as the | 04:38:15PM |
| 5 | e-commerce people who track the activities of Amazon | 04:38:20PM |
| 6 | sellers and other online sellers? | 04:38:28PM |
| 7 | MS. NAGLE:  So here's sort of where we | 04:38:31PM |
| 8 | probably just keep running into the same issue which is | 04:38:34PM |
| 9 | that Energizer hasn't sold any batteries to MBS, so | 04:38:37PM |
| 10 | there's nobody to ask.  There's no relevant individual | 04:38:41PM |
| 11 | because this is not a relationship that has existed.  And | 04:38:45PM |
| 12 | so what we know is what gave rise to this lawsuit, and so | 04:38:47PM |
| 13 | we are happy to and will review those records, and if | 04:38:52PM |
| 14 | there's anything non-privileged related to any purchases | 04:38:57PM |
| 15 | or what's asked for in this request, we'll produce it. | 04:39:00PM |
| 16 | But beyond that, because it's a nonexistent relationship, | 04:39:04PM |
| 17 | the request essentially asks that we, like, search every | 04:39:09PM |
| 18 | record in Energizer's history and ask every employee | 04:39:17PM |
| 19 | going back to 2009 if they're -- by any chance, they | 04:39:18PM |
| 20 | happened to ever run into or discuss MBS or attempt to | 04:39:22PM |
| 21 | purchase anything from MBS.  It's just a needle in a | 04:39:30PM |
| 22 | haystack. | 04:39:32PM |
| 23 | And I mean, I'd add, you know, MBS knows | 04:39:34PM |
| 24 | whether that happened.  So if MBS already has information | 04:39:36PM |



| | | |
|---|---|---|
| 1 | that this has occurred and that Energizer did have | 04:39:41PM |
| 2 | knowledge, if there are people or there's some | 04:39:44PM |
| 3 | transaction that you're aware of, I mean, share it with | 04:39:47PM |
| 4 | us, and we're happy to run it down.  But this is -- this | 04:39:51PM |
| 5 | is a needle in a haystack.  We have no reasonable basis | 04:39:55PM |
| 6 | to believe that there's anything that exists on this | 04:40:00PM |
| 7 | other than related to, you know, what came up in fall of | 04:40:01PM |
| 8 | last year. | 04:40:05PM |
| 9 |         MS. HUDAK:  Okay.  So focusing back, | 04:40:06PM |
| 10 | request -- documents concern -- just -- Energizer -- | 04:40:12PM |
| 11 |         MR. FINNERTY:  You're breaking up, Sandra. | 04:40:15PM |
| 12 |         MS. HUDAK:  I'm sorry about.  Can you hear | 04:40:18PM |
| 13 | me -- | |
| 14 |         MR. FINNERTY:  Sorry, Sandra. | |
| 15 |         MS. HUDAK:  -- better? | 04:40:22PM |
| 16 |         MR. FINNERTY:  Yeah.  You were cutting -- | 04:40:22PM |
| 17 |         MS. HUDAK:  Can you hear me better? | |
| 18 |         MR. FINNERTY:  -- out every couple of -- you | 04:40:23PM |
| 19 | were cutting out every couple of seconds.  I'll just -- | 04:40:26PM |
| 20 | someone will let you know if it keeps up; otherwise, you | 04:40:27PM |
| 21 | may need to try to redial. | 04:40:29PM |
| 22 |         MS. HUDAK:  Okay.  Thank you for letting me | 04:40:31PM |
| 23 | know.  Is this better? | 04:40:34PM |
| 24 |         MR. FINNERTY:  Yeah, this is.  Thank you. | 04:40:35PM |



| | | |
|---|---|---|
| 1 |     MS. HUDAK:  Okay.  Great. | 04:40:37PM |
| 2 |     We were talking about Request No. 11 here | 04:40:39PM |
| 3 | which is asking for documents concerning plaintiff's | 04:40:44PM |
| 4 | attempts to purchase Energizer products from defendants, | 04:40:47PM |
| 5 | test purchases.  Has Energizer asked the employees who | 04:40:51PM |
| 6 | would be responsible for such test purchases about | 04:40:58PM |
| 7 | documents that are responsive to this request? | 04:41:01PM |
| 8 |     MS. NAGLE:  Yeah.  So we are -- so as we | 04:41:04PM |
| 9 | stated, we're going to produce non-privileged documents | 04:41:07PM |
| 10 | like that, so we are -- we're pulling -- we will pull | 04:41:10PM |
| 11 | that together, if any exists, yes. | 04:41:12PM |
| 12 |     MS. HUDAK:  Okay.  And then generally -- I | 04:41:17PM |
| 13 | mean, so this Request No. 11 is asking about test | 04:41:21PM |
| 14 | purchases.  And then Request No. 12 asks about documents | 04:41:25PM |
| 15 | concerning plaintiff's offer to sell products to | 04:41:31PM |
| 16 | defendant, including offers to sell bulk products to | 04:41:35PM |
| 17 | defendant. | |
| 18 |     Has Energizer asked relevant employees about | 04:41:41PM |
| 19 | documents responsive to this request? | 04:41:44PM |
| 20 |     MS. NAGLE:  Yeah, that's -- so we answered. | 04:41:47PM |
| 21 | We said there are no documents responsive because | 04:41:49PM |
| 22 | Energizer has not made such offers. | 04:41:51PM |
| 23 |     MS. HUDAK:  Okay.  So Energizer's asked all | 04:41:56PM |
| 24 | relevant employees? | 04:42:02PM |



*800.211.DEPO (3376)*
*EsquireSolutions.com*

| | | |
|---|---|---|
| 1 | MS. NAGLE:  We have conducted a reasonable | 04:42:03PM |
| 2 | inquiry. | 04:42:05PM |
| 3 | MR. FINNERTY:  I mean, you have -- | 04:42:05PM |
| 4 | MS. NAGLE:  I mean -- | 04:42:06PM |
| 5 | MR. FINNERTY:  Do you have names of -- | 04:42:07PM |
| 6 | MS. NAGLE:  If you guys have names, I mean, | 04:42:09PM |
| 7 | share them with us.  We continue to tell you that we | 04:42:12PM |
| 8 | haven't sold to MBS.  And I -- I don't know if we're just | 04:42:15PM |
| 9 | crossing each other here in a way that's unclear, but we | 04:42:20PM |
| 10 | have no information to suggest or support your position | 04:42:23PM |
| 11 | that Energizer has sold or offered to sell products to My | 04:42:28PM |
| 12 | Battery Supplier.  And so we've conducted -- that front, | 04:42:34PM |
| 13 | and we have no documents, and that's what we've said. | 04:42:39PM |
| 14 | And so if there's some -- conversation that | 04:42:42PM |
| 15 | you believe happened at some point in time, I mean, it's | 04:42:45PM |
| 16 | your obligation to provide that to us.  And, like, we're | 04:42:47PM |
| 17 | happy to see it and be reasonable in how -- you know, in | 04:42:52PM |
| 18 | looking -- looking into it.  But if you don't have it, I | 04:42:53PM |
| 19 | don't know what we're getting at here, and -- I mean, I | 04:42:58PM |
| 20 | don't know how much more you have to get through, but | 04:43:01PM |
| 21 | we've got about 17 more minutes. | 04:43:03PM |
| 22 | MS. HUDAK:  Okay.  So I would just -- you're | 04:43:06PM |
| 23 | asking for, you know, a list of names.  We would just say | 04:43:09PM |
| 24 | look at our initial disclosure.  We provided a lot of | 04:43:13PM |



| | | |
|---|---|---|
| 1 | MR. BERKOWITZ:  Okay.  Let's try to set up a | 05:02:29PM |
| 2 | time for next week. | 05:02:33PM |
| 3 | MS. NAGLE:  Okay.  Send us some times. | 05:02:35PM |
| 4 | MR. FINNERTY:  Sounds good, Mark. | 05:02:35PM |
| 5 | MS. NAGLE:  Thank you. | 05:02:36PM |
| 6 | | |
| 7 | (Whereupon the meeting was adjourned at | |
| 8 | 5:02 p.m.) | |



```
 1                  COMMONWEALTH OF MASSACHUSETTS

 2                          ESSEX COUNTY

 3

 4          I, Deborah J. Bateman, Notary Public, in and for

 5   the Commonwealth of Massachusetts, do hereby certify that

 6   the foregoing record, pages 1 through 47, inclusive, is a

 7   complete, accurate, and true transcription of my

 8   stenographic notes taken in the aforementioned matter to

 9   the best of my skills and ability.

10          I witness whereof, I have set my hand and seal

11   this 28th day of May, 2020.

12

13

14

15

16          _____

17          Deborah J. Bateman, Notary Public in and

18          for The Commonwealth of Massachusetts

19          My Commission Expires: November 2, 2023

20

21

22

23

24
```

