UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENERGIZER BRANDS, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>MY BATTERY SUPPLIER, LLC,<br><br>                Defendant. | No. 1:19-cv-06486-AMD-CLP |
| EMINAH PROPERTIES LLC, et al.,<br><br>                Plaintiff,<br><br>v.<br><br>ENERGIZER HOLDINGS, INC. et al.,<br><br>                Defendant. | No. 1:20-cv-00148-AMD-CLP |

**MY BATTERY SUPPLIER, LLC'S ANSWER TO ENERGIZER BRANDS, LLC'S
FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant My Battery Supplier, LLC ("Defendant"), by and through counsel, hereby answers the First Amended Complaint, dated March 5, 2020 (ECF No. 29, "Amended Complaint"), of Plaintiff Energizer Brands, LLC ("Plaintiff") as set forth below. In response to all paragraphs of the Amended Complaint, Defendant denies each and every allegation except as expressly admitted herein. Defendant responds specifically to Plaintiff's averments as follows:

**NATURE OF THIS ACTION**

1. Paragraph 1 of the Amended Complaint states a legal conclusion to which no response is required; but to the extent a response is appropriate, Defendant denies the allegations of Paragraph 1 of the Amended Complaint.

2. Defendant admits that it is not an authorized Energizer reseller, does not have consent to use the Energizer trademark, and does not source Energizer batteries directly from Energizer, but denies that Energizer's authorization or consent is required to resell genuine Energizer batteries. Defendant denies the remaining allegations of Paragraph 2 of the Amended Complaint.

3. Defendant denies the allegations of Paragraph 3 of the Amended Complaint.

4. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 4 of the Amended Complaint and therefore, denies the same.

5. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 5 of the Amended Complaint and therefore, denies the same.

6. Defendant denies the allegations of Paragraph 6 of the Amended Complaint.

7. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 7 of the Amended Complaint and therefore, denies the same.

8. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 8 of the Amended Complaint and therefore, denies the same.

9. Defendant denies the allegations of Paragraph 9 of the Amended Complaint.

10. Defendant denies the allegations of Paragraph 10 of the Amended Complaint.

11. Defendant denies the allegations of Paragraph 11 of the Amended Complaint.

12. Defendant denies the allegations of Paragraph 12 of the Amended Complaint.

13. Defendant denies the allegations of the first clause of Paragraph 13 of the Amended Complaint. The second clause of Paragraph 13 states a legal conclusion to which no response is required.

## JURISDICTION AND VENUE

14. In response to Paragraph 14 of the Amended Complaint, Defendant admits this Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338 (a) and (b), but denies any liability and denies that the Plaintiff is entitled to the relief that it seeks.

15. Defendant admits that jurisdiction is proper in this District for purposes of this Action. Defendant admits that it is a New York LLC with its place of business in Brooklyn, New York and does business within New York. Except as so admitted, Defendant denies the remaining allegations of Paragraph 15 of the Amended Complaint.

16. Defendant admits that venue is proper in this District. Except as so admitted, Defendant denies the remaining allegations of Paragraph 16 of the Amended Complaint.

## PARTIES

17. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 17 of the Amended Complaint and therefore, denies the same.

18. In response to Paragraph 18 of the Amended Complaint, Defendant admits that it: is a New York limited liability company with a place of business in Brooklyn, New York; and does business and sold products to consumers, including Energizer batteries, within New York through the www.thebatterysupplier.com website, Amazon.com (Seller "MYBATTERYSUPPLIER"), eBay.com (Sellers "1111deals" and "dealsandbatteries"), and Walmart.com (Seller "My Battery Supplier"). Defendant denies the remaining allegations of Paragraph 18 of the Amended Complaint.

## FACTS

19. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 19 of the Amended Complaint and therefore, denies the same.

3

20. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 20 of the Amended Complaint and therefore, denies the same.

21. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 21 of the Amended Complaint and therefore, denies the same.

22. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 22 of the Amended Complaint and therefore, denies the same.

23. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 23 of the Amended Complaint and therefore, denies the same.

24. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 24 of the Amended Complaint and therefore, denies the same.

25. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 25 of the Amended Complaint and therefore, denies the same.

26. Defendant denies the allegations of Paragraph 26 of the Amended Complaint.

27. Defendant admits the allegations of Paragraph 27 of the Amended Complaint.

28. Defendant admits that it has offered for sale 100 AA Energizer lithium batteries and that an incomplete screenshot of an Amazon.com listing is reproduced in Paragraph 28. Defendant denies the remaining allegations of Paragraph 28 of the Amended Complaint.

29. Defendant denies the allegations of Paragraph 29 of the Amended Complaint.

30. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 30 of the Amended Complaint and therefore, denies the same.

31. Defendant denies the allegations of Paragraph 31 of the Amended Complaint.

32. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 32 of the Amended Complaint and therefore, denies the same.

33. Defendant admits that it has offered for sale a combination of 50 AA and 50 AAA Energizer batteries and that an incomplete screenshot of an Amazon.com listing is reproduced in Paragraph 33.

34. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 34 of the Amended Complaint and therefore, denies the same.

35. Defendant admits that it has offered for sale 100 AA alkaline E91 batteries and that an incomplete screenshot of an Amazon.com listing is reproduced in Paragraph 35.

36. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 36 of the Amended Complaint and therefore, denies the same.

37. Defendant admits that it has offered for sale 24 9 volt alkaline batteries and that an incomplete screenshot of an Amazon.com listing is reproduced in Paragraph 37.

38. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 38 of the Amended Complaint and therefore, denies the same.

39. Defendant admits that it has offered for sale 24 9 volt lithium batteries and that an incomplete screenshot of an Amazon.com listing is reproduced in Paragraph 39.

40. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 40 of the Amended Complaint and therefore, denies the same.

41. Defendant denies the allegations of Paragraph 41 of the Amended Complaint.

42. Defendant admits that it has packaged bulk Energizer batteries. Defendant denies the remaining allegations of Paragraph 42 of the Amended Complaint.

43. Defendant denies the allegations of Paragraph 43 of the Amended Complaint.

44. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 44 of the Amended Complaint and therefore, denies the same.

45. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 45 of the Amended Complaint and therefore, denies the same.

46. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 46 of the Amended Complaint and therefore, denies the same.

47. Defendant denies the allegations of Paragraph 47 of the Amended Complaint.

48. Defendant denies the allegations of Paragraph 48 of the Amended Complaint.

49. Defendant denies the allegations of Paragraph 49 of the Amended Complaint.

50. Defendant denies that it has sold "fake" batteries. Defendant lacks sufficient knowledge or information to form a belief regarding the remaining allegations in Paragraph 50 of the Amended Complaint and therefore, denies the same.

51. Defendant admits that Amazon.com permits consumers to leave product reviews. Defendant denies the remaining allegations of Paragraph 51 of the Amended Complaint.

52. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 52 of the Amended Complaint and therefore, denies the same.

53. Defendant denies the allegations of Paragraph 53 of the Amended Complaint.

54. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 54 of the Amended Complaint and therefore, denies the same.

55. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 55 of the Amended Complaint and therefore, denies the same.

56. Defendant denies the allegations of Paragraph 56 of the Amended Complaint.

57. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations of Paragraph 57 of the Amended Complaint and therefore, denies the same.

58. Defendant denies the allegations of Paragraph 58 of the Amended Complaint.

59. Defendant denies the allegations of Paragraph 59 of the Amended Complaint.

60. Defendant denies the allegations of Paragraph 60 of the Amended Complaint.

61. Defendant denies the allegations of Paragraph 61 of the Amended Complaint.

62. Defendant denies the allegations of Paragraph 62 of the Amended Complaint.

63. Defendant denies the allegations of Paragraph 63 of the Amended Complaint.

64. Defendant denies the allegations of Paragraph 64 of the Amended Complaint.

65. Defendant denies the allegations of Paragraph 65 of the Amended Complaint.

66. Defendant denies the allegations of Paragraph 66 of the Amended Complaint.

67. Defendant denies the allegations of Paragraph 67 of the Amended Complaint.

68. Defendant denies the allegations of Paragraph 68 of the Amended Complaint.

## COUNT I
### (Trademark Infringement, 15 U.S.C. § 1114)

69. Defendant repeats and incorporates by reference their responses to Paragraphs 1-68 of the Amended Complaint as though fully set forth herein.

70. Paragraph 70 of the Amended Complaint contains no factual allegations to which a response is required.

71. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 71 of the Amended Complaint and therefore, denies the same.

72. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 72 of the Amended Complaint and therefore, denies the same.

73. Defendant denies the allegations of Paragraph 73 of the Amended Complaint.

74. Defendant denies the allegations of Paragraph 74 of the Amended Complaint.

75. Defendant denies the allegations of Paragraph 75 of the Amended Complaint.

76. Defendant denies the allegations of Paragraph 76 of the Amended Complaint.

77. Defendant denies the allegations of Paragraph 77 of the Amended Complaint.

78. Defendant denies the allegations of Paragraph 78 of the Amended Complaint.

79. Paragraph 79 of the Amended Complaint contains no factual allegations to which a response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

80. Defendant denies the allegations of Paragraph 80 of the Amended Complaint.

## **COUNT II**
### **(Trademark Infringement/False Designation of Origin/Unfair Competition, 15 U.S.C. § 1125(a))**

81. Defendant repeats and incorporates by reference their responses to Paragraphs 1-80 of the Amended Complaint as though fully set forth herein.

82. Paragraph 82 of the Amended Complaint contains no factual allegations to which a response is required.

83. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 83 of the Amended Complaint and therefore, denies the same.

84. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 84 of the Amended Complaint and therefore, denies the same.

85. Defendant denies the allegations of Paragraph 85 of the Amended Complaint.

86. Defendant denies the allegations of Paragraph 86 of the Amended Complaint.

87. Defendant denies the allegations of Paragraph 87 of the Amended Complaint.

88. Defendant denies the allegations of Paragraph 88 of the Amended Complaint.

89. Defendant denies the allegations of Paragraph 89 of the Amended Complaint.

90. Defendant denies the allegations of Paragraph 90 of the Amended Complaint.

91. Defendant denies the allegations of Paragraph 91 of the Amended Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant raises the following affirmative defenses against the allegations and claims made by Plaintiff in its Amended Complaint, and reserves the right to assert, in the future, such additional defenses as may become available or apparent during discovery or through other pretrial proceedings. The assertion of any defenses as an affirmative defense herein is not, and is not intended as, an admission that Defendant has the burden of proof on any such defense or on any related element of the Plaintiff's claims.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the Amended Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, by the doctrine of laches. Plaintiff was aware, or should have been aware, of Defendant's resale of Energizer batteries for more than six years prior to the filing of this lawsuit. Defendant has been prejudiced by Plaintiff's delay.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, by the doctrine of estoppel. Based on the course of dealing between the Parties, Defendant reasonably believed that Plaintiff approved of Defendant's activities and would not assert a claim. Defendant relied on Plaintiff's conduct and has been materially prejudiced as a result.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, by the doctrine of fair use.

9

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part, by the doctrine of trademark misuse because Plaintiff has engaged in one or more acts that have misused Plaintiff's alleged protected trademarks.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part, by the doctrine of waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not sustained any damages for which the Defendant is responsible.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part, by license or the doctrine of implied license because Plaintiff impliedly or explicitly, directly, or indirectly, authorized, licensed, consented to, or acquiesced to Defendant's alleged infringing use of Plaintiff's trademarks.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the exhaustion doctrine/"first sale doctrine."

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part, because if Plaintiff has been damaged, it is the result of its own conduct or the conduct of third parties, for which the Defendant is not responsible.

**RELIEF REQUESTED**

**WHEREFORE**, Defendant denies the Plaintiff is entitled to any relief and specifically to the relief requested and Defendant' requests relief as follows:

1. That Plaintiff's Amended Complaint be dismissed with prejudice in its entirety;

2. That judgment be entered in favor of Defendant and that Defendant be awarded costs to the extent provided by law, and attorney's fees; and

3. Any such further or other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant hereby demand a trial by jury as to all issues so triable.


Dated: April 12, 2021                           By: *s/ Mark Berkowitz*
                                                Mark Berkowitz
                                                Sandra A. Hudak
                                                TARTER KRINSKY & DROGIN LLP
                                                1350 Broadway
                                                New York, New York 10018
                                                Phone: (212) 216-8000
                                                Fax:   (212) 216-8001
                                                Email: mberkowitz@tarterkrinsky.com
                                                              shudak@tarterkrinsky.com

                                                ***Attorneys for Defendant My Battery Supplier, LLC***