UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
**ENERGIZER BRANDS, LLC**,                                   :
                                                             :
                Plaintiff,        :
                                                             :    **MEMORANDUM DECISION AND**
        – against –                                  :    **ORDER**
                                                             :
                                                             :    19-CV-6486 (AMD) (CLP)
**MY BATTERY SUPPLIER, LLC**,                                :
                                                             :
                Defendant.        :
                                                             :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

Chief Magistrate Judge Cheryl L. Pollak issued an order granting in part and denying in part the defendant's motion to compel discovery. Before the Court is the defendant's objection to a portion of the order denying in part its motion to compel. For the reasons that follow, I uphold Judge Pollak's thoughtful and well-reasoned ruling in its entirety.

## BACKGROUND

The parties' dispute centers around the packaging and distribution of batteries. The plaintiff advertises, distributes and sells its batteries and other products under registered Energizer trademarks. (ECF No. 29 ¶¶ 17, 19-24.) According to the plaintiff, the defendant sells packs of Energizer batteries without the plaintiff's consent (*id.* ¶¶ 18, 26, 27), which the plaintiff contends are unlike genuine Energizer batteries. (*Id.* ¶ 28.) These packs include batteries with a "Not for Retail Trade" designation, which the plaintiff claims it does not offer to consumers, placed loosely in white cardboard boxes and clear plastic bags, which is not the way the plaintiff packages its products, in amounts that the plaintiff does not produce or sell. (*Id.* ¶¶ 28-47.) The defendant's packs also omit consumer safety information, safe handling instructions, warnings and warranty copy information. (*Id.* ¶ 48.) The plaintiff contends that it "cannot ensure that its

batteries" "have not been tampered with or otherwise mishandled in a manner that causes the batteries to be unsafe for consumer use." (*Id.* ¶ 49.) The plaintiff offers evidence in the form of photographs and consumer reviews that suggest certain batteries in the defendant's packs are not authentic. (*Id.* ¶¶ 44-57.)

On November 15, 2019, the plaintiff brought suit against the defendant, claiming trademark infringement under 15 U.S.C. § 1114 and trademark infringement, false designation of origin and unfair competition under 15 U.S.C. § 1125(a). (ECF No. 1.) On March 5, 2020, the plaintiff filed an amended complaint, raising the same claims. (ECF No. 29.) The parties subsequently filed motions to compel discovery. In an August 26, 2020 motion to compel, the defendant sought five categories of information:[1] (1) the identity of the plaintiff's customers, and information about its sales and product packaging ("Category One"); (2) the packaging of combination battery products and bulk-packaged batteries bearing marks other than the plaintiff's marks ("Category Two"); (3) the plaintiff's marketing plans and customer base ("Category Three"); (4) the plaintiff's knowledge of the defendant's sale of the plaintiff's products ("Category Four"); and (5) the plaintiff's efforts to enforce its marks ("Category Five"). (ECF No. 52.) The plaintiff responded: (1) it agreed to produce, and is producing, information regarding Category One; (2) information from Category Two is not at issue; (3) the plaintiff already agreed to produce certain information regarding Category Three but the defendant refused to clarify the scope of its requests; (4) the plaintiff already responded to the defendant's requests regarding Category Four; and (5) the plaintiff already provided relevant information regarding Category Five and conducted a thorough investigation for other materials. (ECF No. 55.)

---

[1] The defendant previously issued a series of requests for production and interrogatories. (ECF No. 52-1.)

On March 31, 2021, Chief Magistrate Judge Cheryl L. Pollak, in addition to ruling on other pending discovery motions, granted in part and denied in part the defendant's motion to compel. After reviewing the five categories of information that the defendants requested, Judge Pollak ruled as follows:

> The Court agrees that [the plaintiff's] sampling approach will produce the relevant information for [the defendant], once it is produced, and that the additional information sought by [the defendant] is overbroad and irrelevant to the issues here. Although there are two battery brands at issue, Energizer and Rayovac, the only batteries at issue with respect to [the defendant] are the Energizer-brand batteries, as recognized by [the plaintiff]. (See ECF No. 54). However, the Court agrees that [the plaintiff's] own sale of bulk unlabeled batteries is relevant to [the plaintiff's] claim that [the defendant's] repackaging is misleading to its customers. As such, the Court grants this portion of [the defendant's] motion to compel.

(ECF No. 73 at 18-20.) On April 14, 2021, the defendant objected to the portion of the order that partially denied its motion to compel. (ECF No. 75.)

## LEGAL STANDARD

Rule 72(a) of the Federal Rules of Civil Procedure, which governs a district judge's review of a magistrate judge's non-dispositive pretrial rulings, provides that "[t]he district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). An order is "clearly erroneous if, based on all the evidence, a reviewing court 'is left with the definite and firm conviction that a mistake has been committed,'" *Storms v. United States*, No. 13-CV-0811, 2014 WL 3547016, at *4 (E.D.N.Y. July 16, 2014) (quoting *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012)), and "is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure," *Weiner v. McKeefery*, No. 11-CV-2254, 2014 WL 2048381, at *3 (E.D.N.Y. May 19, 2014) (citation and quotation marks omitted). "This standard

3

is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused [her] discretion." *Ahmed v. T.J. Maxx Corp.*, 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015) (citations and quotation marks omitted).

## DISCUSSION

**I.     Clarity**

The defendant argues that Judge Pollak did not rule on Categories Three, Four and Five of its motion. (ECF No. 75 at 7, 8.) In fact, Judge Pollak did rule on each category. She discussed each category, and then held, with certain identified exceptions, that "the additional information sought by [the defendant] is overbroad and irrelevant to the issues here." (ECF No. 73 at 18-20.) In other words, she denied the requests that were not identified as the exceptions. *See Simsbury-Avon Pres. Club, Inc. v. Metacon Gun Club, Inc.*, 575 F.3d 199, 221 (2d Cir. 2009) (adopting the construction principle that "the mention of one thing implies the exclusion of the other" (quoting *Hardy v. N.Y. City Health & Hosps. Corp.*, 164 F.3d 789, 794 (2d Cir. 1999))).

I also reject the defendant's claim that the order is unclear. According to the defendant, the order as to Category One could be "erroneously construed" to require the plaintiff to "provide a representative sample of agreements, invoices, and/or other form documents exchanged with its customers that reflect the scope of restrictions that [the plaintiff] places on the repackaging of its [brand of] batteries, if any exist, subject to redaction of the customer names." (ECF No. 75 at 5.) Regarding Category Two, the defendant says that "it is unclear whether the Order granted [the defendant's request] for information concerning the packaging of combination [ ] battery products." (*Id.* at 7.)

In fact, Judge Pollak's order is clear about both categories. Judge Pollak noted first that the plaintiff "claims it has offered to provide a representative sample of agreements, invoices, and/or other form documents exchanged with its customers that reflect the scope of restrictions

4

that [the plaintiff] places on the repackaging of its [brand of] batteries, if any exist, subject to redaction of the customer names." (ECF No. 73 at 19.) As to Category One, the order states, "The Court agrees that [the plaintiff's] sampling approach will produce the relevant information for [the defendant], once it is produced." (*Id.* at 20.) Read together, it is obvious that Judge Pollak found that the plaintiff could provide a representative sample of agreements, invoices, and/or other form documents. As discussed above, Judge Pollak also held that with certain identified exceptions, "the additional information sought by [the defendant] is overbroad and irrelevant to the issues here." (ECF No. 73 at 20.) Because Judge Pollak did not include Category Two in the listed exceptions, she did not grant the defendant's request for information concerning the packaging of combination battery products. *See Simsbury-Avon Pres. Club*, 575 F.3d at 221.

## II. Analysis

I reject the defendant's additional challenges to Judge Pollak's decision. For example, regarding Category One, the defendant states it has "already established that the requested information [in Category One] is relevant and proportional, [and that] it was up to [the plaintiff] to establish good cause to justify withholding the information . . . [and the plaintiff] has not done so." (ECF No. 75 at 6.) The defendant asserts that the information in Category Two is "clearly relevant" to their allegations. (*Id.*) For Category Three, the defendant states that it "demonstrated that the requested information is relevant and proportional to the needs of the case, and [the plaintiff] has not shown that there is good cause for failing to produce it." (*Id.* at 7.) As for Category Four, the defendant asserts that it has "demonstrated that the requested information is relevant and proportional to the needs of the case, and [the plaintiff] has not shown that there is good cause for failing to produce it." (*Id.* at 8.) The defendant also maintains

5

that its request for the information in Category Five should have been granted "[f]or the reasons discussed in" its previous motion to compel. (*Id.*)

It is well within a magistrate judge's discretion to decide which of the defendant's discovery requests are relevant and proportional, and whether the plaintiff has shown good cause for failing to produce information. *See New York v. Mountain Tobacco Co.*, 953 F. Supp. 2d 385, 390 (E.D.N.Y. 2013) ("[M]agistrates are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." (citing *Universal Acupuncture Pain Services, P.C. v. State Farm Mut. Auto. Ins. Co.*, No. 01-CV-7677, 2002 WL 31309232, at *1 (S.D.N.Y. Oct. 15, 2002))); *Edward Shapiro, P.C. v. Laxman*, No. 06-CV-5865, 2007 WL 9711177, at *4 (E.D.N.Y. July 23, 2007) ("[M]agistrate judges have broad discretion to resolve nondispositive matters"); Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). A party who objects to a magistrate judge's order must explain how the magistrate judge abused her discretion. *See Mountain Tobacco Co.*, 953 F. Supp. 2d at 390; *Chartwell Therapeutics Licensing, LLC v. Citron Pharma, LLC*, No. 16-CV-3181, 2018 WL 7290830, at *3 (E.D.N.Y. Dec. 18, 2018).

The defendant has not made the necessary showing. Instead, the defendant merely repeats the arguments it made or could have made to Judge Pollak.[2] (*Compare* ECF Nos. 52 and 56, *with* ECF Nos. 75 and 84); *see In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720, 2021 WL 4775553, at *3 (E.D.N.Y. Jan. 14, 2021) ("[T]he

---

[2] Courts generally "do not entertain new legal arguments not presented to the magistrate judge." *Anderson v. Phoenix Beverage Inc.*, No. 12-CV-1055, 2015 WL 737102, at *3 (E.D.N.Y. Feb. 20, 2015); *see also Storms v. United States*, No. 13-CV-0811, 2014 WL 3547016, at *4 (E.D.N.Y. July 16, 2014) ("[A]n objecting party may not raise new arguments that were not made before the Magistrate Judge.").

6

magistrate judge's findings should not be rejected merely because the court would have decided the matter differently."); *Karavani v. Nooklyn, Inc.*, No. 19-CV-1588, 2020 WL 92210, at *1 (E.D.N.Y. Jan. 8, 2020).

## CONCLUSION

For the reasons discussed above, the Court upholds Judge Pollak's March 31, 2021 ruling.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       October 26, 2021